PLOTKIN, Judge,
dissenting with reasons:
For the following reasons I respectfully dissent from the majority’s opinion dismissing the appeal and finding the trial court’s judgment an absolute nullity. I find that the record contains ample evidence to support the conclusion that there was a substitution of parties, before trial on the merits, although a voluntary substitution pursuant to an ex parte written motion was not filed. This court can decide the substantive issues because under my analysis, no absolute nullity exists. Therefore, we can order substitution in this case and decide the appeal.
I have no quarrel with the majority’s conclusion that judgment for or against a deceased person is an absolute nullity. However, La.C.C.P. art. 801(2) allows a legal successor to be voluntarily substituted for a deceased party, when the representative of a succession under administration is appointed by a court of this state.
The record reflects the following facts.
1. June 8, 1981 — Tiger Leasing Inc. v. Emily Davis, wife of and Edward A/K/A Eddie Johnson — Petition for Executory Process.
2. June 11, 1981 — Petition by Emily Davis, et al to enjoin the executory process of sale. Roosvelt Johnson, Sr. (Son) signs the verification for his parents.
3. Dec. 26, 1986 — First amended petition — which substitutes Homeco, Inc. for Tiger Leasing v. Emily Davis et al and converts the proceedings to an ordinary process to enforce the mortgage.
4. March 27, 1987 — Homeco, Inc. petitions to open the vacant successions of Emily David Johnson, wife of/and Edward a/k/a Eddie Johnson.
*17 5. July 27,1987 — Roosevelt Johnson, Jr. applies for and is appointed administrator of the estate of his parents, Emily Davis, wife of/and Edward, a/k/a Eddie Johnson in CDC # 87-5349.
6. Aug. 25, 1987 — Roosevelt Johnson answers Homeco, Inc.’s first amended petition on behalf of his parents and files a reconventional demand against Homeco, Inc., claiming monies overpaid.
7. March 4, 1988 — Roosevelt Johnson, through his attorney, filed a memorandum entitled Defense’s Pre-Trial Inserts, asserting his position as administrator.
8. June 22, 1988 — The judgment indicates that the defense attorney represented the estate of Emily Davis, et ux.
At trial, counsel for defendant introduced himself to the court as the attorney representing the estate of Emily Davis and Eddie Johnson. The court inquired whether one of the defendants had died. The attorney for the defendants stated that both original defendants were deceased and that he had amended his petition.
At oral argument before this court, both parties agreed that the existence of a valid substitution was not at issue, nor has that issue been raised on appeal.
In this case, the record clearly demonstrates that Roosevelt Johnson was substituted as a party for his deceased parents and is the legal successor. La.C.C.P. art. 801(2). He was named specifically as the succession representative, and he answered and filed pleadings on behalf of the succession in this case. The trial court was aware he was acting on behalf of the succession, his lawyer knew he was acting for the succession and the plaintiff’s lawyer also knew that Roosevelt Johnson was acting in his capacity as the original defendants’ legal successor. Only an ex parte order is missing from this record to complete voluntary substitution.
Based on Roosevelt Johnson’s appointment as the administrator of the estate of his parents, Mr. and Mrs. Eddie Johnson, the filing of pleadings in his capacity as administrator, his appearance and testimony at trial, I would hold that he was voluntarily substituted as the legal successor of the defendants. In the event a technical order is necessary, I would issue the appropriate order, in the opinion of the Court, recognizing him as the substituted party. La.C.C.P. art. 2132.
Finally, we should not remand the case for the mere formality of securing an ex parte judgment of substitution, for reasons of judicial economy. The record is complete, which permits full appellate review of the issues in the case.